

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2002

# Young v. Sch Dist Pennsauken

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Young v. Sch Dist Pennsauken" (2002). *2002 Decisions.* Paper 618.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/618

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-4455



IDA D. YOUNG,

Appellant

v.

PENNSAUKEN TOWNSHIP SCHOOL DISTRICT



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No.  99-cv-04878)
District Court Judge: Stephen M. Orlofsky



Submitted Under Third Circuit LAR 34.1(a)
September 13, 2002

Before: ALITO and FUENTES, Circuit Judges, and OBERDORFER, Senior District
Judge.

(Opinion Filed: September 27, 2002)




OPINION OF THE COURT



PER CURIAM:
        Because we write for the benefit of the parties, the background of the
appeal is not set out.
        Dr. Ida D. Young, an African-American school teacher, filed claims of
sexual and racial discrimination and retaliatory action, in violation of Title VII of the
Civil Rights Act of 1964, 42 U.S.C.  2000e, et seq., 42 U.S.C.  1981, and the New
Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., after she was rejected for
promotion to a supervisory position by the Pennsauken Township School District (the
"District").  The District Court granted the District's motion for summary judgment on all
counts.  Dr. Young contests this order.
        Our review of a grant of summary judgment is de novo.  Goosby v.
Johnson & Johnson Medical, Inc., 228 F.3d 313, 318 (3d Cir. 2000).  Summary judgment

is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  We view all facts and draw all reasonable inferences in favor of the non-moving party.  Id. at 232.  However, the party opposing summary judgment may not rely on the allegations in her pleadings; instead, through "more than a scintilla" of evidence, she must present "specific facts showing that there is a genuine issue for trial."  Id.

We reject Dr. Young's argument that the District Court erred when it granted the District's motion for summary judgment on her employment discrimination claims.  Such failure-to-promote claims are analyzed under the well known burden-shifting framework as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55, 82 (1978).  The initial burden is on the employee to establish a prima facie case, Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999), by showing that (1) she is a member of a protected class, (2) she sought and was qualified for the promotion, (3) she was rejected for the promotion, and (4) a non-member of the protected class was treated more favorably.  See also McDonnell Douglas, 411 U.S. at 802; Stewart v. Rutgers, 120 F.3d 426, 432 (3d Cir. 1997).  A prima facie case entitles the employee to an inference of discrimination.  Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-54 (1981).  The burden is then on the employer to produce a "legitimate, non-discriminatory reason for the employee's rejection," id. at 253; Jones, 198 F.3d at 410,  "by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993)).  If the employer produces a legitimate reason, the burden shifts back to the employee, who must show that the reasons offered by the employer are mere pretexts for discrimination.  Burdine, 450 U.S. at 252-53; Jones, 198 F.3d at 410.  Accordingly, the employee may defeat a motion for summary judgment by identifying "some evidence, direct or circumstantial, from which a factfinder would reasonably either (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Fuentes, 32 F.3d at 764.  Even though the burden of production may shift, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  Burdine, 450 U.S. at 253.  We have reviewed the record and conclude that Dr. Young has not put forth evidence from which a trier of fact could conclude that the legitimate, nondiscriminatory reasons provided by the Distict were mere pretexts for discrimination.

We also reject Dr. Young's argument that the District Court erred when it granted the District's motion for summary judgment on her claims for retaliation.  These claims are also analyzed under the McDonnell Douglas burden-shifting framework.  411 U.S. at 802; Krouse v. American Sterilizer Co., 126 F.3d 494, 500-01 (3d Cir. 1997).  In order to establish a prima facie case of retaliation, an employee must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's activity; and (3) a causal connection between the employee's connected activity and the employer's adverse action."  Krouse, 126 F.3d at 500.  In the event that the employee presents a prima facie case of retaliation, the burden then shifts to the employer to put forth a legitimate, nondiscriminatory reason for the adverse employment action, though the employer need not prove that this was the actual reason for the action.  Id. at 500-01.  "If the employer satisfies its burden, the plaintiff must be able to convince the factfinder both that employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action."  Id. at 501.  In order to survive an employer's motion for summary judgment, the employee must submit evidence which: "1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action."  Fuentes, 32 F.3d at 762.  We have reviewed the record and conclude that the incidents cited by Appellant do not amount to a prima facie case of retaliation.  We conclude, furthermore, that Dr. Young has not put forth evidence from which a trier of fact could conclude that the legitimate, nondiscriminatory reasons provided by the District were mere pretexts for retaliation.

We have considered all of Appellant's arguments and see no basis for reversal.  The judgment of the District Court is, therefore, affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


Circuit Judge